[Cite as *State v. Albright*, 2016-Ohio-5406.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103467**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JONATHON ALBRIGHT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593473-D

**BEFORE:** Laster Mays, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 18, 2016

**ATTORNEY FOR APPELLANT**

P. Andrew Baker
Buckeye Law Office
11510 Buckeye Road
Cleveland, Ohio 44104


**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By:    Kerry A. Sowul
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Jonathon Albright ("Albright"), appeals his sentence stating that the trial court erred in its calculation of his eligibility for judicial release, and asks this court to remand for resentencing so the trial court may consider whether a different sentence is appropriate. After review of the record, we affirm.

{¶2} Albright pled guilty to one count of robbery, a third-degree felony, in violation of R.C. 2911.02(A)(3), along with a one-year firearm specification. The trial court sentenced Albright to 18 months for the robbery and one year for the firearm specification, for an aggregate of 30-months imprisonment. Albright was also advised of the three-year postrelease control following his prison sentence.

{¶3} At sentencing, the trial court advised Albright that after he served his mandatory sentence of one year for the firearm specification, he would be eligible to apply for judicial release after serving at least 30 days of the 18-month sentence for the robbery. The court continued by stating that it would seriously consider the judicial release application with certain expectations. (Tr. 96 - 97.) As a result, Albright has filed this timely appeal, assigning one error for our review:

> I. The trial court erred in its calculation of defendant-appellant's eligibility for judicial release and this case must be remanded for resentencing.

## I.    Law and Analysis

{**¶4**} The Ohio Supreme Court, in *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, addresses the standard of review that appellate courts must apply when reviewing felony sentences. Applying the plain language of R.C. 2953.08(G)(2), the Ohio Supreme Court determined that an appellate court need not apply the test set out in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *Id.* at ¶ 1. An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's finding under relevant statutes or that the sentence is otherwise contrary to law. *Id.* The court held that appellate courts may not apply the abuse of discretion standard in sentencing-term challenges. *Id.* at ¶ 10.

{**¶5**} Clear and convincing evidence is that measure or degree of proof that is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *Marcum* at ¶ 22.

{**¶6**} Albright argues that the trial court erred in its calculation of his eligibility for judicial release. Under R.C. 2929.20(C), an offender can file a motion for judicial release after a specific period of time governed by the statute. It states that an eligible

offender may file a motion for judicial release with the sentencing court within the following applicable periods:

> (1)   If the aggregated nonmandatory prison term or terms is less than two years, the eligible offender may file the motion not earlier than thirty days after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than thirty days after the expiration of all mandatory prison terms.

> (2)   If the aggregated nonmandatory prison term or terms is at least two years but less than five years, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than one hundred eighty days after the expiration of all mandatory prison terms.

R.C. 2929.20(C)(1) - (2).

{¶7} Albright argues that the trial court erred in stating to him that he would be eligible for judicial release after serving the mandatory one-year prison term for the firearm specification and at least 30 days on the robbery conviction.   He contends that the trial court relied on R.C. 2929.20(C)(1) instead of R.C. 2929.20(C)(2), arguing that because he was sentenced to more than two   years of prison, the trial court incorrectly quoted from the wrong statute.

{¶8} Albright is incorrect in his assertion.   R.C. 2929.20(C)(1) states "if the aggregated nonmandatory prison term or terms is less than two years * * *."   Albright was sentenced to one-year mandatory imprisonment and 18-months nonmandatory imprisonment.   Our review of the record clearly and convincingly reveals that the trial court correctly relied on R.C. 2929.20(C)(1) because the sentence for the robbery conviction was 18-months nonmandatory imprisonment, which is less than two years.

Albright's assignment of error is overruled, and the judgment of the trial court is affirmed.

{¶9} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR